## TAYLOR AND LLOYD, INC.
### V.
### Russell CUMMINGS d/b/a E & S TRANSPORTATION

### No. 8638

District Court Department
Appellate Division, Northern District
Trial Court of the

Commonwealth of Massachusetts

**June 17, 1981**

**Seymour W. Berman,** counsel for plaintiff
**Leonard E. Rae,** counsel for defendant

### OPINION

**BANKS, J.** This is an action in contract in which the plaintiff seeks to recover the sum of $2,095.26 for labor and materials supplied by plaintiff in the repair of certain trucks. The individual defendant denies personal liability and alleges that the amount is owed plaintiff by E. J. Cummings, Inc., d/b/a E & S Transportation.

At trial conflicting evidence was presented as to whether plaintiff knew, had an opportunity to know, or ought to have known that his contractual relationship was with the individual or with the corporate defendant. Defendant/appellant appeals from the denial of the following requests · for rulings:

2. The defendant as an officer of the E. J. Cummings, Inc. d/b/a E. & S. Transportation is not personally responsible for the debt claimed by the plaintiff.

3. The plaintiff by reason of the knowledge of its employee who made a safety inspection of the vehicles · as required by the law of Massachusetts, was aware, or should have been aware, that the vehicles belonged to the E.J. Cummings, Inc. and not the defendant.

4. On all the evidence, the defendant, Russell Cummings, is not liable to the plaintiff as the plaintiff should have been aware that the vehicles serviced by the plaintiff did not belong to the defendant.

With respect to defendant's request for rulings, it is clearly the case that these are matters of fact to be found by the trier of fact. Whether the individual defendant assumed by the nature of his negotiations the status of a potential obligation together with any corporate or other entity which he purported to represent is for the trier of fact to determine. Whether plaintiff could or should have determined that another relationship existed is a matter for the trier of fact to determine.

There being no matter of law rather than fact raised by defendant/appellant's requests, finding must be for plaintiff. Report dismissed.